UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALTER J. HIMMELREICH, | CASE NO. 4: 10-CV-02404 |
| Plaintiff, | |
| vs. | JUDGE JOHN R. ADAMS |
| FEDERAL BUREAU OF PRISONS et al., | |
| Defendant. | ORDER AND DECISION |

### I. INTRODUCTION

Defendants J. Fitzgerald, Lieutenant Butts, Correctional Officer Simmons, Ms. Bunts and Ms. Newland, request that this Court grant summary judgment pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. This Court finds that Walter J. Himmelreich has not exhausted his administrative remedies with respect to his claims in this lawsuit. Summary judgment is therefore GRANTED.

### II. SUMMARY OF FACTS AND BACKGROUND

Plaintiff is an inmate at the Federal Correction Institution in Elkton, Ohio. He filed his original Complaint on October 21, 2010. On March 9, 2011 this Court dismissed the case. Plaintiff appealed to the Sixth Circuit and it affirmed in part, reversed in part and remanded to this Court on May 7. 2012.

The remanded claims revisited by this Court are Constitutional claims based on the First and Eighth Amendment. The First Amendment retaliation claim is grounded in Plaintiff's allegation that he was improperly placed in administrative segregation in March 2009. Plaintiff sees his placement in administrative confinement as illegal retaliation by FCI Elkton staff for his filing of an administrative tort claim. The Eighth Amendment claim is based on Plaintiff's

assertion that prison officials, specifically the B-Unit Disciplinary Team, failed to protect him from another inmate. Plaintiff alleges that the other inmate verbally threatened to physically-assault a pedophile. Plaintiff further alleges "that the Plaintiff is reputedly, among the inmate community, one of the biggest pedophiles on the Elkton compound and is aware that other inmates have that perception of him." Doc. 1 at 6. The B-Unit Disciplinary Team then placed the other inmate into the general population despite allegedly being aware of the threat. Plaintiff sees this lack of action as a failure to protect him from serious harm and therefore a violation of the Eighth Amendment. Both claims are made pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

### III. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Estate of Smithers v. City of Flint*, 602 F.3d 758, 761 (6th Cir. 2010). A fact must be essential to the outcome of a lawsuit to be 'material.' *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Summary judgment must be entered when a party fails to make a "showing sufficient to establish…an element essential to that party's case." *Celotex*, 477 U.S. at 322-23. "Mere conclusory and unsupported allegations, rooted in speculation, do not meet [the] burden." *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003).

Summary judgment creates a burden-shifting framework. *See* Anderson, 477 U.S. 250. The moving party has the initial burden of showing there is no genuine issue of material fact. *Plant v. Morton Int'l, Inc.,* 212 F.3d 929, 934 (6th Cir. 2000). The burden then shifts to the nonmoving party to prove that there is an issue of material fact that can be tried. *Id.* If this burden is not met, the moving party is then entitled to a judgment as a matter of law. *Bell*, 351

F.3d at 253. The court must view the evidence in the light most favorable to the nonmoving party when considering the motion. *Hamilton v. General Elec. Co.*, 556 F.3d 428, 433 (6th Cir. 2009).

## IV. ANALYSIS

An inmate must fully exhaust his administrative remedies before seeking relief in a *Bivens* case under the Prison Litigation Reform Act ("PLRA"). 42 U.S.C. § 1997(e)(a); *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). "Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This process is set out for Bureau of Prisons ("BOP") inmates in 28 C.F.R. § 542.10 *et seq.* For a complaint that relates to any aspect of the inmate's life, the BOP follows this process through various steps. *Id.* The process includes multiple levels of appeal up through BOP's hierarchy of review. *Id.* The United States Supreme Court unanimously held that Congress has permissibly chosen to mandate the completion of a prison administrative remedy process that may address the inmate's complaint and provide some form of relief. *See Booth*, 532 U.S. at 741; *See also, Hampton v. Hobbs*, 106 F.3d 1281, 1288 (6th Cir. 1997) (finding the administrative remedy requirements of the PLRA do not violate an inmate's right to procedural due process).

"The point of the PLRA exhaustion requirement is to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2011); (quoting *Woodford,* 548 U.S. at 94-95). Additionally, the Court held that the PLRA's exhaustion requirement applies to all inmate suits concerning prison life. *Porter*, 534 U.S. at 516.

Furthermore, it is Defendant's burden to prove exhaustion has not occurred. *Napier v. Laurel County, Ky.,* 636 F.3d 218, 225 (6th Cir. 2011). Failure to exhaust administrative remedies is an affirmative defense. *Jones v. Bock,* 549 U.S. 199, 216 (2007). Plaintiff is not required to plead or show exhaustion in his complaint. *Id. Bock*, therefore, only reduces the pleading standard for inmates; proper exhaustion is still required under the PLRA. *Id.* at 218.

### A. Plaintiff Has Not Exhausted His Administrative Remedies For His First Amendment Claim.

The record indicates that Plaintiff has filed eighty administrative remedy requests while incarcerated. He has exhausted only eighteen of them. None of the exhausted requests concern either claim remaining in this case. Defendant has produced clear records and the Declaration of a BOP attorney to corroborate these facts. Plaintiff has indicated that he wrote a letter to Northeast Regional Counsel, Henry Sadowski, Esq., concerning his First Amendment claim, but there is no other indication that Plaintiff completed or even engaged in the required administrative remedy process in reference to this claim.

Courts only excuse an inmate's lack of compliance with the exhaustion requirement when administrative remedies are deemed unavailable because of the improper actions of prison officials. *Brock v. Kenton County*, 93 Fed. App'x 793, 798 (6th Cir. 2004). A prisoner is still required to demonstrate his affirmative actions to comply with administrative remedy before a court can analyze if the administrative remedies actually were unavailable. *Id.* at 798.

Plaintiff fails to show any affirmative efforts to comply with the administrative remedy procedure required by *Porter* and *Woodford*. The record indicates that Plaintiff has made notes and wrote a letter to Mr. Sadowski, but these efforts do not satisfy the administrative remedy process. *See Woodford*, 548 U.S. at 94-95. Plaintiff took no further action to exhaust the administrative remedy process up through the appeals process. There is no genuine issue of

4

material fact that Plaintiff has not satisfied the administrative remedy process for his First Amendment Claim.  Accordingly, he has failed to exhaust his First Amendment claim.

### B. Plaintiff Has Not Exhausted the Administrative Remedy Process for His Eighth Amendment Claim.

Again, a plaintiff must exhaust all administrative remedies before seeking relief at the district court level. *Woodford*, 548 U.S. at 85. The record shows that Plaintiff fails to exhaust the administrative remedy process for his Eighth Amendment claim in the same way that he failed to do so for his First Amendment claim. Plaintiff contends that he exhausted the administrative remedy process by filing an administrative tort claim under the Federal Tort Claims Act ("FTCA").

Filing a claim under the FTCA does not exhaust the administrative remedy process in regard to Plaintiff's *Biven's* claims. *Macias v. Zenk*, 495 F.3d 37, 44 (2d Cir. 2007); *Adekoya v. Fed. Bureau of Prisons*, 375 F.App'x 119, 121 (2d Cir. 2010); *Ramos v. Hawk-Sawyer*, 212 F. App'x 77, 79 (3d Cir. 2006). A claim under the FTCA and a *Bivens* claim under the PLRA are two separate claims. *See Nwaokocha v. Sadowski*, 369 F.Supp.2d 363, 368 (E.D.N.Y. 2005) (holding "filing of an administrative tort claim does not excuse [Plaintiff's] failure to meet the separate exhaustion requirements for a *Bivens* claim under the PLRA"). The filing of a FTCA claim does not contemporaneously satisfy the exhaustion requirement of the PLRA. *Id.* Therefore, Plaintiff's filing of an FTCA claim does not exhaust his administrative remedies for his Eighth Amendment failure to protect claim.

### C. Plaintiff's Claim of Intimidation Is Unsupported.

A plaintiff is excused from exhausting the administrative remedy process only if the plaintiff can prove administrative remedies were made unavailable to him. *Brock*, 93 F. App'x at 798. An inmate's general allegation that he feared retaliation from the prison staff does not meet

this standard. *Boyd v. Corrections Corp. of America*, 380 F.3d 989, 997-98 (6th Cir. 2004). An inmate must specifically describe the factual basis of his fear. *Id.* at 98.

Plaintiff alleges intimidation from the prison staff and that therefore administrative remedies were unavailable to him. The intimidation Plaintiff cites is an incident when Defendant Fitzgerald "yelled" at Plaintiff about the filing of administrative remedy requests stemming from the 2008 assault. Events following this conversation do not indicate that Plaintiff experienced intimidation or was dissuaded from using the administrative process following this conversation. According to BOP records, Plaintiff filed an administrative relief request after speaking with Fitzgerald. Plaintiff filed seven different unrelated administrative remedy requests or appeals during the time that he claims to have been intimidated by his conversation with Captain Fitzgerald. Additionally, between 2008 and 2010, Plaintiff filed 19 other administrative remedy requests. Based on the facts presented to this court, Plaintiff cannot be seen as intimidated by prison personnel considering his general allegation and continued filing of administrative remedy requests subsequent to his conversation with Fitzgerald. *See Boyd*, 380 F.3d at 797-98.

### D.  Plaintiff's Eight Amendment Claim Is Subject to the FTCA's Judgment Bar.

28 U.S.C. § 2676 provides, "judgment in an action under the [FTCA] shall constitute a complete bar to any action by the same claimant, by reason of the same subject matter, against the employee of the government whose act of omission gave rise to the claim." The Sixth Circuit interprets the phrase "by reason of the same subject matter" to mean, "arising out of the same actions, transactions or occurrences." *Serra v. Pichardo*, 786 F.2d 237, 239 (6th Cir. 1986). The bar applies to all judgments. *Harris v. United States*, 422 F.3d 322, 336 (6th Cir. 2005) (holding that the language of section 2676 does not "delimit the reach of the reach of a bar that applies to all judgments" depending on the identity of the victor in an FTCA claim). The plain language of

section 2676 requires that the bar apply to all actions by the Plaintiff, not just judgments on the merits. *Manning v. United States*, 546 F.3d 430, 437-388 (7th Cir. 2008).

Section 2676's judgment bar is directly applicable to Plaintiff's Eighth Amendment claim. Plaintiff filed a separate lawsuit under the FTCA arising from the assault on Plaintiff in October 2008 and the prison staff's alleged failure to protect him from the assault. *Himmelreich v. United States of America*, N.D. Ohio, Case No. 4:10CV307. This Court granted summary judgment for the United States because the actions in controversy fell under the discretionary exception to the FTCA. *Id.*

Plaintiff's Eighth Amendment claim in this case arises out of the very same occurrence; the assault in 2008, and the same actions; the prison's alleged failure to protect. Section 2676 bars any further action on Plaintiff's Eighth Amendment failure to protect claim for this reason. Therefore, section 2676 provides an additional basis for summary judgment on this claim.

## V. CONCLUSION

Based on the reasons stated herein, Defendant's Motion for Summary Judgment is GRANTED. The complaint is DISMISSED. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DATE: July 18, 2013                         */s/ John R. Adams*  
                                            Judge John R. Adams  
                                            UNITED STATES DISTRICT COURT