PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER J. HIMMELREICH, | ) | |
| | ) | CASE NO.  4:10CV2404 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al*., | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 183, 187, 188] |

Pending before the Court is Defendant Fitzgerald's Renewed Motion for Summary Judgment.  *See* ECF No. 183.  The Motion has been fully briefed.  Plaintiff Himmelreich responded in opposition (ECF No. 187) *pro se*[1], and Defendant replied (ECF No. 188).  For the following reasons, Defendant's Renewed Motion for Summary Judgment is granted.

## I.  Background

The background section in the prior Memorandum of Opinion and Order is hereby incorporated by reference.  *See* ECF No. 165.  The remaining claim pending in this action is Plaintiff's First Amendment retaliation claim against Defendant Fitzgerald, a former Captain at FCI Elkton.  Plaintiff notes that in March 2009, Defendant oversaw his placement in the Special Housing Unit ("SHU") because Plaintiff had filed a grievance against the prison staff for failing to protect him from another inmate's assault.  *See* ECF No. 1 at PageID #: 14-15.  Plaintiff states that he remained in the SHU for a period of 60 days, and alleges that during his stay Defendant

---

[1]  The Court appointed Plaintiff pro bono counsel who, pursuant to *Anders v. California*, 386 U.S. 738 (1967), were subsequently given permission to withdraw.  *See* ECF Nos. 185, 186.

(4:10CV2404)

yelled at him: "You want to know why you're in here?  You're in here because of the fuckin'

Tort Claim you filed! That's why you're in here!"  ECF No. 1 at PageID #: 15.

On September 25, 2019, this Court granted summary judgment in favor of Defendants

Simmons, a Corrections Officer at FCI Elkton, and Butts, a former Special Investigative Services

Lieutenant at FCI Elkton, and denied summary judgment to Defendant Fitzgerald.  *See* ECF No.

165.  The Sixth Circuit dismissed Defendant's appeal for lack of appellate jurisdiction.  *See* ECF

Nos. 173, 174.  On August 8, 2022, Defendant renewed her motion for summary judgment.  *See*

ECF No. 183.

## II.  Standard of Review

"Summary judgment is appropriate where 'the movant shows that there is no
genuine dispute as to any material fact and the movant is entitled to judgment as
a matter of law.'"  *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462
(6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  The fact under dispute must be
"material," and the dispute itself must be "genuine."  A fact is "material" only if
its resolution will affect the outcome of the lawsuit.  *Scott v. Harris*, 550 U.S.
372, 380 (2007).  In determining whether a factual issue is "genuine," the Court
assesses whether the evidence is such that a reasonable jury could find that the
non-moving party is entitled to a verdict.  *Id*.  ("[Summary judgment] will not
lie . . . if the evidence is such that a reasonable jury could return a verdict for the
nonmoving party.").  The moving party is not required to file affidavits or other
similar materials negating a claim on which its opponent bears the burden of
proof, so long as the movant relies upon the absence of an essential element in
the pleadings, depositions, answers to interrogatories, and admissions on file.
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To survive summary judgment, the non-moving party "must 'do more than
simply show that there is some metaphysical doubt as to the material facts.'"
*Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita
Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  Once
the movant makes a properly supported motion, the burden shifts to the non-
moving party to demonstrate the existence of a genuine dispute.  An opposing
party may not simply rely on its pleadings; rather, it must "produce evidence
that results in a conflict of material fact to be resolved" by a factfinder.  *KSA
Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir.
2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)).
"The mere existence of a scintilla of evidence in support of the plaintiff's
position will be insufficient; there must be evidence on which the jury could
reasonably find for the plaintiff."

2

(4:10CV2404)

F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In analyzing a motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017)

*U.S. v. $774,830.00 in U.S. Currency*, 4:20CV2084, 2022 WL 788064 (N.D. Ohio Mar. 14, 2022)

### III.    Discussion

"[T]he denial of summary judgment has no *res judicata* effect, and the district court may, in its discretion, allow a party to renew a previously denied summary judgment motion or file successive motions, particularly if good reasons exist" such as an intervening change in controlling law. *Lexicon, Inc. v. Safeco Ins. Co. of Am.*, 436 F.3d 662, 673 n.6 (6th Cir. 2006). At issue in this case is Plaintiff's First Amendment retaliation claim against former Captain Janel Fitzgerald in her individual capacity. Plaintiff alleges that Defendant threatened him and placed him in the SHU as a retaliatory action against him for filing a tort claim. In Defendant's Brief in Support of the Renewed Motion for Summary Judgment, she remarks that the Plaintiff's pending claim is extinguished by a recent Supreme Court ruling and argues that, alternatively, as a government official she had qualified immunity[2] and, thus, is entitled to summary judgment. *See* ECF No. 183; *Egbert v. Boule*, 142 S. Ct. 1793 (2022). In Plaintiff's Response (ECF No. 187), he retorts that the Supreme Court and Sixth Circuit case law Defendant relies on in the Brief are not on point and, thus, insufficient to support a granting of summary judgment. *See* ECF No. 187 at PageID #: 1847-49. Plaintiff also

---

[2] Defendant raised qualified immunity to support her original motion for summary judgment, which the Court found to be waived because it was brought forth for the first time in the reply brief (ECF No. 163). *See* ECF No. 165 at PageID #: 1687. The Court does not find this argument to be dispositive in granting summary judgment in this renewed motion.

(4:10CV2404)

raises myriad tangential arguments, such as insufficient notice of filings, that neither address the assertions made by Defendant in her Brief in Support of the Renewed Motion for Summary Judgment (ECF No. 183) nor the principal issue of the pending matter. Each filing in these proceedings has been timely docketed and made accessible to both parties.  The Court finds that Plaintiff's tangential complaints deserve no further attention.

The Court turns now to the matter at issue.  In the Court's previous ruling denying Defendant Fitzgerald summary judgment, the First Amendment retaliation claim against her survived because the claim arose in a context that had not previously been recognized by the Supreme Court.  *See* ECF No. 165.  Since the Court's September 2019 decision, Defendant correctly notes (ECF No. 183 at PageID #: 1814-15) that both the Supreme Court of the United States and the Sixth Circuit Court of Appeals have ruled against recognizing causes of action brought by inmates for retaliation under the First Amendment against federal officers serving in their individual capacities.  *See Egbert v. Boule*, 142 S. Ct. 1793, 1808 (2022)[3]; *Callahan v. Fed. Bureau of Prisons*, 965 F.3d 520, 523 (6th Cir. 2020) ("The Supreme Court has not recognized a new *Bivens* action in the 40 years since *Carlson*. And it has repeatedly declined invitations, many just like Callahan's, to create such actions.").

---

[3]  The Supreme Court has declined to imply a *Bivens* action in the following cases over the past 40 years: *Chappell v. Wallace*, 462 U.S. 296, 103 S.Ct. 2362, 76 L.Ed.2d 586 (1983); *Bush v. Lucas*, 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983); *United States v. Stanley*, 483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987); *Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988); *FDIC v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 122 S.Ct. 515, 151 L.Ed.2d 456 (2001); *Wilkie v. Robbins*, 551 U.S. 537, 127 S.Ct. 2588, 168 L.Ed.2d 389 (2007); *Hui v. Castaneda*, 559 U.S. 799, 130 S.Ct. 1845, 176 L.Ed.2d 703 (2010); *Minneci v. Pollard*, 565 U.S. 118, 132 S.Ct. 617, 181 L.Ed.2d 606 (2012); *Ziglar v. Abbasi*, 582 U. S. ——, 137 S.Ct. 1843, 198 L.Ed.2d 290 (2017); *Hernández v. Mesa*, 589 U. S. ——, 140 S.Ct. 735, 206 L.Ed.2d 29 (2020).

4

(4:10CV2404)

Defendant accurately indicates that the Court's reliance on the *Egbert* decision is not negated by the fact that *Egbert* was issued after these proceedings were initiated.  *See* ECF No. 183.  "As a general rule, new constitutional decisions are not applied retroactively to cases that were finalized prior to a new Supreme Court decision."  *United States v. Quackenbush*, 369 F. Supp. 2d 958, 963 (W.D. Tenn. 2005) (quoting *Goode v. United States,* 305 F.3d 378, 383 (6th Cir.2002)).  As indicated by the pending renewed motion for summary judgment before the Court, this case has yet to be finalized.  Therefore, there is no issue of retroactivity.

### IV.      Conclusion

This Court is bound by the decisions of the Sixth Circuit.  *See Hall v. Eichenlaub*, 559 F.Supp.2d 777, 782 (E.D. Mich. 2008).  Furthermore, the Sixth Circuit Court is bound by the decisions of the Supreme Court.  *See Henderson v. Collins*, 262 F.3d 615, 623 (6th Cir. 2001).  It follows, therefore, that the Court is bound by the decisions of the Supreme Court.  The resolution of the matter is dictated by the Supreme Court's explicit ruling that "there is no *Bivens* action for First Amendment retaliation." *Egbert*, 142 S.Ct. at 1807.  For this reason, Defendant's Renewed Motion for Summary Judgment is granted.[4]  A separate Judgment Entry will issue.


IT IS SO ORDERED.


| October 7, 2022 | /s/ Benita Y. Pearson |
| --- | --- |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[4]  Because the instant ruling is necessitated by law, the Court does not reach the question of qualified immunity.

5